UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 26-CV-353

FALLON QUINN,

    Plaintiff,

vs.

DELTA AIR LINES, INC.,

    Defendant.
_____/

**NOTICE OF REMOVAL OF A CIVIL ACTION**

Defendant, Delta Air Lines, Inc. ("Delta"), by and through its attorneys, Morgan, Akins & Jackson, PLLC, pursuant to 28 U.S.C. §§1332(a), 1441(a), and 1446, gives notice of its removal of this action from the Circuit Court for the Ninth Judicial Circuit, Orange County, Florida, to the United States District Court for the Middle District of Florida. As grounds for removal, Delta states as follows:

**I.    BACKGROUND**

1.    Plaintiff, Fallon Quinn ("Quinn"), filed the present action in the Ninth Judicial Circuit, Orange County, Florida, Case No.: 2026-CA-000402-O, against Delta. Copies of all process, pleadings and orders served upon Delta are attached

CASE NO.: 26-CV-353

as Exs. A trough D, in accordance with 28 U.S.C. §1446(a), and the preferences adopted by the United States District Court for the Middle District of Florida.[1]

2. This personal injury action arises from an incident that occurred on September 3, 2021, at Maimi International Airport. (Ex. A, Compl.).

3. Prior to removal, complete diversity existed by and between the parties. Plaintiff, Quinn, is a citizen and resident of Hillsborough County, Forida. (Ex. A, ¶ 2). Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Ex. E, Delta Sunbiz Entity Detail).

4. Accordingly, due to the claims asserted and the complete diversity of the parties, Delta seeks to remove this action to the United States District Court for the Middle District of Florida.

## II. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§1332(a) and 1441

5. This Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. §§1332(a) and 1441(a), because: (i) this Notice has been timely filed; (ii) there is complete diversity between the parties; and (iii) Plaintiffs' claims are alleged to exceed the sum of $75,000.00.

---

[1] Exhibit A is the Complaint; Exhibit B, is the Answer; Exhibit C, is the Orange County Court Docket Print Out; and Exhibit D are all remaining pleadings required to be filed.

**A.     Notice of Removal is Timely and Procedurally Proper**

6. Quinn's Complaint was filed on January 15, 2026, and alleged an action for damages exceeding $50,000.00 (the jurisdictional minimum for Florida's Circuit Courts), against Delta. (Ex. A, ¶ 1).

7. Delta was served on January 21, 2026. (Ex. F, Delta Ret. of Svc.).

8. This Notice has been filed prior to the expiration of the thirty (30) days referenced in the statute, which expires on February 20, 2026.

**B.     There is Complete Diversity Between the Parties**

9. Section 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a).

10. For diversity purposes, corporations are considered to be citizens of the states in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

11. As Quinn acknowledged, Delta is not a Florida citizen. (Ex. A, ¶ 3).

12. Pursuant to statute, Delta is a citizen of Delaware and Georgia; it is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Ex. A, ¶ 3; Ex. E).

13. Quinn is a citizen and resident of the state of Florida. Quinn has alleged that she is a citizen and resident of Hillsborough County, Florida. (Ex. A, ¶ 2). It is well established that residence is *prima facie* evidence of a party's domicile and, by extension, citizenship. See *Katz v. J.C. Penny Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129 (S.D. Fla. Jun. 1, 2019); citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984). Mignon lives in Hollywood, Broward County, Florida.

14. Therefore, complete diversity exists.

C. **The Amount in Controversy Exceeds $75,000**

15. In order to be removable based upon diversity, the amount in controversy must exceed $75,000.00, exclusive of interest, and costs. 28 U.S.C. §1332(a).

16. As reflected in the Civil Cover Sheet filed in connection with the action, Plaintiffs contend that the claim exceeds $100,000 and, therefore, the amount in controversy would, therefore, exceed the $75,000 threshold. (Ex. G, State Civil Cover Sheet).

17. In addition, prior to suit filing, Quinn submitted a 'policy limits,' demand to Delta in which she claimed that her total past medical specials totaled Two Hundred Eleven Thousand One Hundred Fifty Seven Dollars ($211,157). (Ex. H, Nov. 11, 2024 Demand Ltr.). Such a demand may be submitted for

consideration by the court for purposes of determining whether the amount in controversy requirement has been satisfied and diversity jurisdiction exists. *See Short v. State Farm Mut. Auto. Ins. Co.*, No. 6:13-cv-839-Orl-28KRS, 2013 U.S. Dist. LEXIS 137911, at *3 (M.D. Fla. Sep. 25, 2013); *citing AAA Abachman Enters., Inv. V. Stanley Steemer Int'l, Inc.*, 268 F.App'x 864, 866 (11th Cir. 2008); *Fischer v. State Farm Mut. Auto Ins. Co.*, No. 10-14124-CIV, 2011 U.S. Dist. LEXIS 18210 (S.D. Fla. Feb. 14, 2011).

18. Based upon the complaint's allegations, coupled with representations made by Plaintiff and reflected in the Civil Cover Sheet and the demand, the amount in controversy requirement has been satisfied. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); <u>see also</u> *Mick v. De Vilibiss Air Power Co.*, No. 6:10-cv-1390-Orl-28GJK, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010) (holding customer's pre-suit demand letter alleging damages of $175,000, was sufficient to establish an amount in controversy exceeding $75,000); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, WL 1532129 (Fla. S.D. Fla., June 1, 2009) (holding that jurisdiction amount had been met wherein Plaintiff's sought $58,995.78 in medical expenses and remainder of $16,004.22 could be accounted for in the plaintiff's allegations of future medical costs and for pain and suffering).

Case 6:26-cv-00353-ACC-LHP   Document 1   Filed 02/12/26   Page 6 of 7 PageID 6

CASE NO.: 26-CV-353

**III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN OR <u>WILL BE COMPLETED</u>**

19. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. §1446(d), Delta will file a Notice of Filing Notice of Removal with the Clerk of Court for the Ninth Judicial Circuit, in and for Orange County, Florida, and will provide written notice of this Removal to all parties via e-service.

20. As stated above, true and correct copies of all documents filed in the state action have been filed as required by statute. <u>See</u> 28 U.S.C. §1447(b); <u>see also</u> Exs. A through D.

21. Venue is this Court is proper pursuant to 28 U.S.C. §1441(a), as this action is being removed from the state court in which it was originally filed – the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida – to the District Court of the United States for the district and division in which such action is pending, the Middle District of Florida – Orlando Division.

**IV. <u>CONCLUSION</u>**

Delta has satisfied the requirements of removal jurisdiction under 28 U.S.C. §1332(a) and this action is removable to this Court pursuant to 28 U.S.C. §§1441(a) and 1446

CASE NO.: 26-CV-353

| | |
|---|---|
| Dated: February 12, 2026 | Respectfully submitted, |

                                        */s/ Patrick K. Dahl*
                                        **Patrick K. Dahl, Esquire (084109)**
                                        pdahl@morganakins.com
                                        Florida Bar No. 084109
                                        **Darah L. Kaplan, Esquire (098619)**
                                        dkaplan@morganakins.com
                                        Florida Bar No. 098619
                                        **MORGAN, AKINS & JACKSON, PLLC**
                                        *Attorneys for Delta Air Lines, Inc.*
                                        501 E. Las Olas Boulevard
                                        Suite 300
                                        Ft. Lauderdale, FL 33301
                                        Phone: (754) 255-3010
                                        Fax: (215) 600-1303

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 12, 2026 and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                        ___/s/ Patrick K Dahl_____
                                        Patrick K. Dahl, Esquire

## SERVICE LIST

Alex Serrano, Esq.
Ligori & Ligori
1711 W. Kennedy Boulevard
Tampa, FL  33606
litserv@callmeonmycell.com
aserrano@callmeonmycell.com