# EXHIBIT A

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION**

FALLON QUINN,

      Plaintiff,

v.

                          CASE NO.:

DELTA AIR LINES, INC.,

      Defendant,

_____/

**<u>COMPLAINT</u>**

      Plaintiff, FALLON QUINN, by and through her undersigned attorneys, sues the

Defendant, DELTA AIR LINES INC, and alleges:

      1.      This is an action for damages in excess of the sum of FIFTY THOUSAND

($50,000.00) DOLLARS.

      2.      At all times material hereto, the Plaintiff, FALLON QUINN, was a resident of

Hillsborough County, Florida.

      3.      The Defendant, DELTA AIR LINES, INC, was and is a Florida or Foreign

Corporation, and/or Limited Liability Corporation and/or Limited Partnership, registered to

conduct business in the State of Florida and at all times had an agent or office in Orange County,

Florida for the transaction of such business and is subject to the provisions of Florida Statutes

48.161 and/or 48.171 and/or 48.181 and/or 48.193 and/or 48.194.

      4.      Venue is proper in Orange County, Florida.

      5.      At all times material, Plaintiff, FALLON QUINN, was a lawful invitee on

Defendant, DELTA AIR LINES, INC.'s, airplane flight DL718.

### COUNT I – NEGLIGENCE AGAINST - DELTA AIR LINES, INC

The Plaintiff, FALLON QUINN, realleges and adopts by reference all of the general allegations as set forth in Paragraphs 1 – 5 above, each inclusive, as though fully set forth herein and further alleges as follows:

6.     On June 26, 2024, the Defendant, DELTA AIR LINES, INC, owned, operated, controlled and/or in possession of an airplane.

7.     At all times material, Plaintiff, FALLON QUINN, was a lawful invitee on Defendant, DELTA AIR LINES, INC.'s, airplane flight DL718.

8.     On June 26, 2024, the Plaintiff, FALLON QUINN, was on flight DL718, departing from Los Angeles international Airport at 4:11PM and arriving at Orlando International Airport at 12:05AM June 27, 2024.

9.     On or about June 26, 2024, the seat Plaintiff, FALLON QUINN, was assigned to was negligently maintained and Plaintiff had to remain in the broken seat for the duration of her flight, forcing her forward and causing injuries, and aggravation of preexisting conditions.

10.     At all times material the Defendant, DELTA AIR LINES, INC., through its agents and/or employees, had a duty to the Plaintiff to use reasonable care in the maintenance of its airplanes.

11.     At all times material the Defendant, DELTA AIR LINES, INC., through its agents and/or employees, had a duty to the Plaintiff to eliminate dangerous conditions which it either knew or should have known existed.

12.     At all times material the Defendant, DELTA AIR LINES, INC., through its agents

and/or employees, had a duty to warn the Plaintiff of the dangerous condition existing upon the premises, particularly when the Defendant, either knew of said dangerous condition or, in the exercise of care, should have known of the existence of said dangerous condition, or that the condition existed for a sufficient length of time.

13.     Defendant, DELTA AIR LINES, INC., through its agents and/or employees, carelessly and negligently maintained the seating on its airplane, so as to allow and enable a dangerous condition.

14.     On or about June 26, 2024, Defendant, DELTA AIR LINES, INC., by and through its agents, servants and/or employees breached said duty owed to Plaintiff, FALLON QUINN, by committing one or more of the following negligent acts of omission and/or commission, and in the following manner and particulars:

(a)     By failing to keep the airplane in reasonably safe condition for all passengers.

(b)     By failing to place warning signs in the area and/or otherwise failing to advise persons, such as the Plaintiff herein, of the dangerous condition existing at or on the airplane in question.

(c)     By failing to otherwise warn the Plaintiff of the dangerous condition which existed on the Defendant's airplane.

(d)     By failing to take reasonable precautions to keep the airplane free of hazardous conditions such as the one sued upon herein.

(f)     By failing to properly have in place a schedule for maintenance and repair.

15.     As a direct and proximate result of the breaches of Defendant, DELTA AIR LINES, INC., described herein, Plaintiff, FALLON QUINN, suffered serious bodily injury and

resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money.  The injuries suffered by Plaintiff, FALLON QUINN, are either permanent or continuing in nature, and may include an aggravation of a pre-existing medical condition and said Plaintiff will continue to suffer impairment in the future.

**WHEREFORE,** Plaintiff, FALLON QUINN, demands judgment against Defendant, DELTA AIR LINES, INC., for damages in excess of fifty thousand dollars ($50,000.00) plus the costs of this suit and all other damages allowed by law, and demand a trial by jury.

Alex A. Serrano, Esquire
FBN: 104548
Ligori & Ligori
Attorneys at Law
1711 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: (813) 254-7119
Attorneys for Plaintiff
litserv@callmeonmycell.com