# EXHIBIT B

IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

FALLON QUINN,                                CIRCUIT CIVIL DIVISION

    Plaintiff,                                    CASE NO.: 2026-CA-000402-O

vs.

DELTA AIR LINES, INC.,

    Defendant.
_____/

## **DELTA'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant, Delta Air Lines, Inc. ("Delta"), by and through its attorneys, Morgan, Akins & Jackson, PLLC, states by way of Answer to the "Complaint," filed by Plaintiff, Fallon Quinn, on January 15, 2026, and served upon it on January 21, 2026, as follows:

    1.    This is an action for damages in excess of the sum of Fifty Thousand ($50,000.00) Dollars.

**ANSWER:** Delta states only that Plaintiff has made a jurisdictional allegation for which no answer is required. To the extent that an answer is deemed necessary, Delta denies that Plaintiff is entitled to any recovery from it whatsoever and, therefore, denies the allegations, characterizations, and legal conclusions contained at paragraph 1.

    2.    At all times material hereto, the Plaintiff, Fallon Quinn, was a resident of Hillsborough County, Florida.

**ANSWER:** Delta lacks information sufficient to form a knowledge or belief as to the truth or falsity of the allegations contained at paragraph 2 and, therefore, neither admits nor denies same.

    3.    The Defendant, Delta Air Lines, Inc., was and is a Florida or Foreign Corporation, and/or Limited Liability Corporation and/or Limited Partnership, registered to conduct business in the State of Florida and at all times had an agent or office in Orange County, Florida for the transaction of such business and is subject to the provisions of Florida Statutes 48.161 and/or 48.171 and/or 48.181 and/or 48.193 and/or 48.194.

CASE NO.: 2026-CA-000402-O

**ANSWER:** Delta admits only that it is a foreign corporation authorized to do and doing business in Florida, including Orange County, Florida. Delta denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 3.

  4. Venue is proper in Orange County, Florida.

**ANSWER:** Delta states only that it is not contesting venue in this forum.

  5. At all times material, Plaintiff, Fallon Quinn, was a lawful invitee on Defendant, Delta Air Lines, Inc.'s, airplane flight DL718.

**ANSWER:** Delta admits that Fallon Quinn was a passenger on Delta Flight 718. Delta denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 5, as phrased.

## COUNT I — NEGLIGENCE AGAINST - DELTA AIR LINES,INC

  __. The Plaintiff, Fallon Quinn, realleges and adopts by reference all of the general allegations as set forth in Paragraphs 1 — 5 above, each inclusive, as though fully set forth herein and further alleges as follows:

**ANSWER:** Delta adopts and incorporates by reference its answers to paragraphs 1 through 5, above, as and for its answer to this paragraph of this Count I as though fully set forth herein.

  6. On June 26, 2024, the Defendant, Delta Air Lines, Inc., owned, operated, controlled and/or in possession of an airplane.

**ANSWER:** Delta admits that, on June 26, 2024, it owned, operated, controlled and/or was in possession of multiple airplanes.

  7. At all times material, Plaintiff, Fallon Quinn, was a lawful invitee on Defendant, Delta Air Lines, Inc.'s, airplane flight DL718.

**ANSWER:** Delta admits that Fallon Quinn was a passenger on Delta Flight 718. Delta denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 7, as phrased.

CASE NO.: 2026-CA-000402-O

  8. On June 26, 2024, the Plaintiff, Fallon Quinn, was on flight DL718, departing from Los Angeles international Airport at 4:11PM and arriving at Orlando International Airport at 12:05AM June 27, 2024.

**ANSWER:** Delta admits the allegations contained at paragraph 8.

  9. On or about June 26, 2024, the seat Plaintiff, Fallon Quinn, was assigned to was negligently maintained and Plaintiff had to remain in the broken seat for the duration of her flight, forcing her forward and causing injuries, and aggravation of preexisting conditions.

**ANSWER:** Delta denies the allegations, characterizations, and legal conclusions contained at paragraph 9.

  10. At all times material the Defendant, Delta Air Lines, Inc., through its agents and/or employees, had a duty to the Plaintiff to use reasonable care in the maintenance of its airplanes.

**ANSWER:** Delta admits all duties imposed by law. Further responding, Delta denies that paragraph 10 fully, accurately, or completely describes any duties due and owing by it, denies breaching any such duties due and owing to plaintiff, and, therefore, denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 10.

  11. At all times material the Defendant, Delta Air Lines, Inc., through its agents and/or employees, had a duty to the Plaintiff to eliminate dangerous conditions which it either knew or should have known existed.

**ANSWER:** Delta admits all duties imposed by law. Further responding, Delta denies that paragraph 11 fully, accurately, or completely describes any duties due and owing by it, denies breaching any such duties due and owing to plaintiff, and, therefore, denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 11.

  12. At all times material the Defendant, Delta Air Lines, Inc., through its agents and/or employees, had a duty to warn the Plaintiff of the dangerous condition existing upon the premises, particularly when the Defendant, either knew of said dangerous condition or, in the exercise of care, should have known of the

3

existence of said dangerous condition, or that the condition existed for a sufficient length of time.

**ANSWER:** Delta denies the allegations, characterizations, and legal conclusions contained at paragraph 12.

13. Defendant, Delta Air Lines, Inc., through its agents and/or employees, carelessly and negligently maintained the seating on its airplane, so as to allow and enable a dangerous condition.

**ANSWER:** Delta denies the allegations, characterizations, and legal conclusions contained at paragraph 13.

14. On or about June 26, 2024, Defendant, Delta Air Lines, Inc., by and through its agents, servants and/or employees breached said duty owed to Plaintiff, Fallon Quinn, by committing one or more of the following negligent acts of omission and/or commission, and in the following manner and particulars:
(a) By failing to keep the airplane in reasonably safe condition for all passengers.
(b) By failing to place warning signs in the area and/or otherwise failing to advise persons, such as the Plaintiff herein, of the dangerous condition existing at or on the airplane in question.
(c) By failing to otherwise warn the Plaintiff of the dangerous condition which existed on the Defendant's airplane.
(d) By failing to take reasonable precautions to keep the airplane free of hazardous conditions such as the one sued upon herein.
(f) By failing to properly have in place a schedule for maintenance and repair.

**ANSWER:** Delta denies the allegations, characterizations, and legal conclusions contained at paragraph 14, including sub-paragraphs (a) through (d) and (f).[1]

15. As a direct and proximate result of the breaches of Defendant, Delta Air Lines, Inc., described herein, Plaintiff, Fallon Quinn, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of

---

[1] There is no sub-paragraph (e) in the Complaint.

ability to earn money. The injuries suffered by Plaintiff, Fallon Quinn, are either permanent or continuing in nature, and may include an aggravation of a pre-existing medical condition and said Plaintiff will continue to suffer impairment in the future.

**ANSWER:** Delta denies the allegations, characterizations, and legal conclusions contained at paragraph 15.

WHEREFORE, Defendant, Delta Air Lines, Inc., denies that Plaintiff is entitled to any recovery from it whatsoever and prays that this Court enters judgment in its favor and against the Plaintiff, Fallon Quinn.

## **AFFIRMATIVE DEFENSES**

Without prejudice to its previous denials, and without waiving Plaintiff, Fallon Quinn's ("Quinn"), obligation to present evidence regarding the elements necessary to sustain any of her claims, Defendant, Delta Air Lines, Inc. ("Delta"), states by way of its affirmative defenses, as follows:

1. Delta states that Quinn was guilty of negligence, and that her negligence was the sole, proximate cause or contributing cause of the damages complained of and that the recovery, if any, should be barred, or reduced proportionately pursuant to the doctrine of comparative negligence.

2. Delta states that Quinn's negligence was greater that 50% and, therefore, Plaintiff is not entitled to any recovery in this action. See Fla. Stat. § 768.81(6).

3. At the time and place alleged in the Complaint, Quinn was guilty of negligence and/or assumed the risk which proximately caused or proximately contributed to her injuries and, therefore, any award to which she may be entitled should be either barred or reduced proportionately pursuant to the doctrine of comparative negligence.

4. Delta states that it is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including, but not limited to, the provisions of Florida Statute § 768.81.

5. Pursuant to applicable Florida Statutes, this Defendant is entitled to a credit or setoff in this action for any of Plaintiff's damages for which any collateral source benefits are paid or are payable.

6. This cause of action is governed by Florida Statute §627.7372 and/or Florida Statute §768.76 in that the Plaintiff has been reimbursed by one or more of the collateral sources enumerated in these Statutes.

7. This cause of action is governed by Florida Statute §768.0427 in that Plaintiff's damages are limited as provided for in the provisions enumerated in this Statute.

8. Plaintiff has failed to mitigate the damages claimed, and as such, Plaintiff's recovery, if any, should be reduced by the amount the damages complained of could have been lessened.

9. The sole or contributing proximate cause of the damages complained of was the intervening negligence or acts of others for whom this Defendant is not responsible.

10. Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), and Fla. Stat. §768.81, this Defendant reserves the right to place parties and non-parties on the verdict form at trial as potential joint tortfeasors, and said tortfeasors' fault is a causal or contributing factor with regard to the subject incident and/or led to damages allegedly sustained by the Plaintiff.

11. Any injuries or damages alleged to have been sustained by the Plaintiff were preexisting, and/or caused by something other than the subject incident at issue in this case, and

any corresponding medical treatment following said incident, was unrelated to the accident alleged in the Complaint.

12. Plaintiff's alleged injuries and damages are the result of incidents at other times and places over which this Defendant had no control, including, but not limited to, prior and subsequent accidents or incidents, so that Plaintiff is barred from recovery herein.

13. Certain medical expenses allegedly incurred by Plaintiff as a result of the accident referred to in Plaintiff's Complaint were submitted by or on behalf of the Plaintiff to Plaintiff's health insurance company and/or Medicare for payment, and as a result, payments were made at legally and/or contractually discounted rates and said payments have fully satisfied any legal obligations of the Plaintiff to pay the medical providers for such expenses. As a result, Plaintiff have not been damaged and may not recover to the extent of any legal and/or contractual discounts.

14. Plaintiff is only entitled to recover the reasonable value of medical care and services resulting from any alleged damages caused by the negligence of another and the reasonable value of medical care and services is limited to the amount accepted as payment in full for medical services by the person or entity that provided the Plaintiff with such services would substantially reduce the Plaintiff's right to recovery herein.

15. Defendant affirmatively states that Plaintiff's claims for incidental medical bills incurred as a result of the alleged injuries are exaggerated, unnecessary and unreasonable.

16. Further, Defendant relies upon any defenses it may have pursuant to Florida Statute Section 324.021, 768.31, 768.71 - 79, and 768.81. 19.

17. Plaintiff's claims may be preempted in whole or in part by federal and/or state statutes and/or regulations, as well as multinational treaties.

CASE NO.: 2026-CA-000402-O

18. Delta complied with all local, state, federal, and multinational regulations, laws, and treaties applicable to the facts of this matter at all times relevant hereto.

19. Delta hereby reserves the right, upon completion of its investigation and discovery, to file such additional defenses, affirmative defenses, counterclaims and/or third-party complaints as may be appropriate.

## JURY DEMAND

Delta Air Lines, Inc., demands a trial by jury of all issues so triable as of right by a jury.

February 10, 2026

Respectfully Submitted,

*/s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire**
Florida Bar No. 084109
**Darah L. Kaplan, Esquire**
Florida Bar No. 098619
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for Delta Air Lines, Inc.*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303
pdahl@morganakins.com
dkaplan@morganakins.com
nstermer@morganakins.com
fileclerk@morganakins.com

CASE NO.: 2026-CA-000402-O

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Electronic Service via the Florida Courts E-Filing E-Portal pursuant to the Supreme Court Administrative Order AOSC13-490 to: Alex A. Serrano, Esq., Ligori & Ligori, 1711 W. Kennedy Boulevard, Tampa, FL  33606; litserv@callmeonmycell.com; aserrano@callmeonmycell.com.

    */s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire**
Florida Bar No. 084109
**Darah L. Kaplan, Esquire**
Florida Bar No. 098619
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for Delta Air Lines, Inc.*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303
pdahl@morganakins.com
dkaplan@morganakins.com
nstermer@morganakins.com
fileclerk@morganakins.com

9