# EXHIBIT D

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

<u>FALLON QUINN</u>
  Plaintiff                                                                          Case # _____
                                                                                     Judge  _____

vs.
<u>DELTA AIRLINES INC</u>
  Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**     (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
　　☐ Residential Evictions
　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

　1

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Alex A Serrano　　　　　　　　　　Fla. Bar # 104548
　　　　　　Attorney or party　　　　　　　　　　　　　(Bar # if attorney)

Alex A Serrano　　　　　　　　　　　01/15/2026
(type or print name)　　　　　　　　　Date

- 3 -

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

FALLON QUINN,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant,
_____/

CASE NO.: 2026-CA-402-O

## SUMMONS

THE STATE OF FLORIDA
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request to Produce and Request for Admissions in the above-styled cause upon the Defendant(s):

**DELTA AIR LINES, INC.**
**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

**ALEX SERRANO, ESQUIRE**
Florida Bar No.: 104548
1711 West Kennedy Boulevard
Tampa, FL 33606
(813) 254-7119
(813) 254-7116- Facsimile

within 20 days after service of this Summons upon the Defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of said Court on _____1/16_____, 2026.

Tiffany Moore Russell, Clerk of Courts
/s/ *Brian Williams*
Deputy Clerk
**Civil Division**
425 N Orange Ave
Room 350
Orlando, FL 32801

*In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact (813) 272-7040 no later than seven (7) days prior to the proceeding. If hearing impaired, individuals needing assistance should call (TTD), Florida Relay Service at (800)955-8771 for any Court proceeding.*

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of the court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right way. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file y our written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarle ante este tribunal. Una llamada telefonica no le protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propriedades, o privado sus derechos, sin previos aviso del tribunal. Existen otros requisitos legales. Si los desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuneta, al mismo tiempoen que presenta sus respuesta ante el tribunal, deberia usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des pousuites judiciares ont ete entreprises contre vous avez 20 jours consecuitifs a partir de la date de l'assiggnation de cette citation pour deposer une reponse ecrite e la prainte ci-jointe aupres de ce tribunal. Un cimple coup de telephone est insuffisant pour vous proteger. Vous estes obliges de deposer votre argent, et vos bines peuvent etre saisis par la suit, sans aucan preavis ulterieur du tribunal. Il y a d'autras obligations juridiques at vous pouvez requirir les services immediats d'in avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocats ou a un bureau d'assistannce juridique (figurant a l'annuaire de telephones).

Si vous choissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faieparvenir ou expedier une cope de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat ) nomme ci—dessous.

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE/OSCEOLA COUNTY,
FLORIDA

CASE NO.: **2026-CA-000402-O**
DIVISION: 40

**FALLON QUINN**
        Plaintiff,
v.

**DELTA AIRLINES INC**
        Defendant.
_____/

## UNIFORM TRIAL AND CASE MANAGEMENT ORDER
**(General Track)**
(Effective January 1, 2025)

PURSUANT TO Florida Rules of General Practice & Judicial Administration 2.250 and 2.545 and Florida Rules of Civil Procedure 1.200 and 1.440, and based on the case type designated in the initial filing (as required by AO 2021-04-05), the Court ORDERS as follows:

1. COMPLIANCE WITH UNIFORM TRIAL AND CASE MANAGEMENT ORDER. The parties must strictly comply with the terms of this Uniform Trial and Case Management Order ("UTCMO"), unless otherwise ordered by the court. Failure to comply with all requirements of this order may result in the imposition of sanctions, up to and including dismissal of this action or the striking of pleadings and entry of default final judgment.

2. ADDITIONAL NINTH CIRCUIT AND DIVISION-SPECIFIC GUIDELINES. All counsel and unrepresented parties must be familiar with and comply with the following: (a) Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01); (b) Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02); and (c) any division-specific guidelines published by the division (or the division judge) in which the case is pending.

3. MODIFICATION OF THIS ORDER. The parties may not, individually or by agreement, alter or extend the deadlines in this order or waive any of the provisions of this order. The provisions of this order may be modified only upon motion/stipulation and court order in accordance with applicable law.

4. SERVICE OF THIS ORDER WITH INITIAL PROCESS. The court will issue and

electronically file a UTCMO within three (3) business days after the date of filing of the initial complaint. Any party serving an initial pleading in this case must serve a copy of this order with initial service of process.

 5. CASE MANAGEMENT. The following pretrial deadlines are imposed. All dates are to be calculated from the date of the filing of the initial complaint unless otherwise noted. These are the dates that will control this case unless modified by court order pursuant to Florida Rule of Civil Procedure 1.200.

 6. TRIAL DATE.  This case is set for a jury trial during the trial docket beginning <u>**01/10/2028**</u> in **COURTROOM 18C** beginning at **9:00 a.m.** at the ORANGE COUNTY COURTHOUSE, 425 N. Orange Ave., Orlando, FL 32801.

 7. PRETRIAL CONFERENCE. Lead Trial Counsel, or a trial partner with full authority,[1] and unrepresented parties must attend a Pretrial Conference on <u>**12/06/2027**</u> beginning at **9:30 a.m. IN PERSON, Hearing Room 1400.02**. The parties must comply with the requirements for pretrial conferences of the division to which the case is assigned.  No motions will be heard at the pretrial conference except as otherwise provided for in the division guidelines or allowed by court order.

 8. CASE MANAGEMENT.  The following pretrial compliance deadlines are imposed. All dates must be calculated from the date of filing of the initial complaint unless otherwise noted.

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Automatic Extension for Service of Process if not perfected timely: | 30 additional days, for a total of 150 days.  If service of process is not completed by the end of the Automatic Extension, all unserved defendants are automatically dismissed without prejudice and without notice or further opportunity to be heard. |
| Initial Discovery Disclosures: | 60 days after service. *See* Fla. R. Civ. |

---

[1] No other attorney may cover a pretrial conference unless they are: (i) fully prepared; (ii) have confirmed all pretrial requirements have been fulfilled, and (iii) have full authority from the client and lead counsel to make decisions about the case.

|  | P. 1.280(a)(3). |
|---|---|
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike, and Any Objections to the Pleadings: | Must be filed, set for hearing and heard within 60 days from filing of the motion, or automatically deemed abandoned and denied without further order. |
| Disclosure of Expert Witnesses: | 365 days. |
| Deadline for Completion of Fact and Expert Discovery: | 540 days. |
| Pretrial Motions (excluding Motions in Limine), Motions for Summary Judgment and Daubert Motions: | Filed:   585 days.<br><br>Heard:  No later than 7 days prior to the Pretrial Conference or automatically deemed abandoned and denied without further order. |
| Motions in Limine: | Filed: Prior to the Pretrial Conference.<br><br>Heard: No later than 7 days prior to the beginning of the trial period |
| Mediation: | Completed prior to the Pretrial Conference.<br><br>Plaintiff must submit a mediation order[2] for entry by the Court once the date of mediation has been agreed and a mediator selected. |

9. EXPERT WITNESSES. The following will govern proceedings related to expert witnesses.

    a. Within the time required in Paragraph 8 above, Plaintiff must disclose the expert witnesses (including both treating and hybrid experts) that Plaintiff actually intends to present at trial.  "Experts" is specifically defined in this order (wherever used) to include retained experts, treating experts and hybrid experts.

    b. Defendant must disclose the expert witnesses that Defendant actually intends to

---

[2] All mediation orders shall contain the following language: *All parties, counsel, authorized representatives and other mediation participants are hereby ordered to turn on your video cameras (and visually appear in your video) for the duration of the mediation conference unless otherwise excused by the mediator.*

present at trial within 15 days of Plaintiff's expert witness disclosure or the time required by Paragraph 8, whichever is later.

    c. Plaintiff must disclose all rebuttal witnesses within 15 days of Defendant's expert witness disclosure or the time required by Paragraph 8, whichever is later.

    d. As used herein, "disclose" means furnishing in writing the expert's (a) name, business address and telephone number, (b) curriculum vitae or qualifications, (c) medical specialty or field of expertise, (iv) statement of the specific subjects upon which the expert will testify and offer opinions, and (v) the party or parties against whom the expert will be called to testify. Any changes in an expert's opinion or changes in the basis of the expert's opinion must be disclosed to all parties no less than 60 days prior to the Pretrial Conference.

    e. All out-of-court testing, experiments, or physical or mental examinations by experts must be completed prior to the expert's deposition.

10.    CLOSE OF DISCOVERY. Discovery closes 540 days after the initial filing of the action. All depositions must be completed by this date. All answers to interrogatories, responses to requests to produce, and requests for admissions must be served by this date. This deadline may only be extended by court order. Joint stipulations to extend this deadline (without court order) do not alter the discovery deadline.

11.    MOTIONS:

    a. PRETRIAL MOTIONS *(EXCLUDING MOTIONS IN LIMINE)*, MOTIONS FOR SUMMARY JUDGMENT AND DAUBERT MOTIONS. Must be filed within 585 days of the date of the filing of the initial complaint and heard no later than 7 days prior to the Pretrial Conference. Late-filed motions are subject to summary denial.

    b. MOTIONS IN LIMINE AND MOTIONS TO EXCLUDE WITNESSES OR EVIDENCE: Motions in limine and motions to exclude witnesses or evidence must be filed and served prior to the Pretrial Conference. Motions in Limine must be scheduled and heard no later than 7 days prior to the beginning of the trial period. Motions in limine will not be heard during the trial period, absent good

cause. No motion in limine may be scheduled for hearing unless it contains a certification of good faith attempt to resolve the matter at issue. Omnibus motions asking that the Court order the opposing party/counsel to comply with Florida law, the Florida Rules of Civil Procedure, and the Florida Rules of Professional Conduct are disfavored.

12. MOTIONS FOR SUMMARY JUDGMENT. Motions for summary judgment are subject to the deadline imposed above. Failure to respond to a motion for summary judgment within the time required by Florida Rule of Civil Procedure 1.510(b) may result in the court granting any relief available pursuant to Florida Rule of Civil Procedure 1.510(e). Refer to and comply with any division requirements for additional requirements.

13. EXCHANGE OF WITNESS LISTS AND EVIDENCE SCHEDULES. No less than 60 days before the Pretrial Conference, attorneys and unrepresented parties must serve the following:

   a. A list of all witnesses including potential impeachment and rebuttal witnesses who may testify at trial. The list must: (a) provide the name, address and telephone number of the witness, and (b) specify whether the witness is a liability, damage, rebuttal, or impeachment witness.

   b. A schedule of all exhibits, including depositions, a party may offer at trial, lettered sequentially. Exhibits must be described with specificity. For example, "all medical records" is insufficient.

14. MEETING OF COUNSEL. No later than 15 days prior to the Pretrial Conference, lead counsel and pro se parties, if any, must meet. Live or videoconference attendance at this meeting by Lead Trial Counsel is mandatory. At the meeting, the attorneys and unrepresented parties must:

   a. Discuss and attempt to settle the case.

   b. Produce all documents to be offered at trial. Exhibits must be bates-stamped.

   c. Examine, and initial every exhibit (or entry on an Exhibit Schedule) to be produced by the opposing party at trial. The parties must agree on those exhibits

which will be admitted as joint exhibits and those that can be admitted without objection. The parties must identify all other exhibits and specify all objections thereto. "Exhibit Schedules" must be prepared reflecting these separate categories of exhibits for each party. The Exhibit Schedules for each party must be attached to the Joint Pretrial Statement described below. Objections not noted are waived. Exhibits marked for identification must be listed alphabetically (*e.g.*, Ex. A) and, if received in evidence, will be listed numerically (*e.g.*, Ex. 1).

d. Review opposing parties' witness lists. Witness lists for each party must be attached to the Joint Pretrial Statement described below.

e. Discuss and stipulate to any facts requiring no proof at trial.

f. Discuss, clarify, and frame all factual issues of fact to be tried.

g. Identify all legal, procedural, or evidentiary issues to be decided prior to or during trial.

h. Discuss any evidentiary stipulations.

i. Agree upon and draft a concise statement of the case to be read by the Court at the beginning of voir dire.

j. Discuss the proposed jury instructions (voir dire through closing) and verdict forms. Discuss whether the Court will instruct the jury on the law prior to opening statements and, if so, which jury instructions are to be read at that time.

k. Prepare Jury Instructions and a Verdict Form. The Jury Instructions and Verdict Form must be emailed to the division email address to which the case is assigned in Word format no later than 3 business days before the first day of trial. The email for the jury instructions shall contain the following in the subject line of the email: "JURY INSTR. **2026-CA-000402-O**." The email for the Verdict form shall contain the following in the subject line of the email: "VERDICT FORM **2026-CA-000402-O**." External hard drives are discouraged. The parties must designate which instructions are agreed and which instructions, if any, are in dispute. Jury instructions must include a cover page with the case style. Any

blanks or bracketed terms contained in the standard jury instructions must be filled in or deleted if inapplicable. Additional division guidelines may apply.

 l. Discuss and attempt to agree upon any other matters leading to a more orderly and expeditious trial.

 m. Prepare a Pretrial Checklist if required by the division procedures of the division to which the case is assigned. Any required checklist must be emailed (but not filed) to the division email, together with the Joint Pretrial Statement, no less than 5 days prior to the Pretrial Conference. The email for the Checklist and the Joint Pretrial Statement must contain the following in the subject line of the email: "CHECKLIST & PTS **2026-CA-000402-O**." Additional division guidelines may apply.

15. JOINT PRETRIAL STATEMENT. The parties must confer on and file a Joint Pretrial Statement addressing the matters described below, no later than 5 days prior to the Pretrial Conference, with a courtesy copy sent to the division email. If the Parties are unable to agree on the contents of the Joint Pretrial Statement, the differing views should be set forth within a single Joint Pretrial Statement. The Joint Pretrial Statement must contain the following:

 a. A statement of the case to be read to the jury at the beginning of voir dire.

 b. A statement of admitted facts that may be read at trial as a stipulation of counsel.

 c. A statement of the issues of fact to be tried.

 d. A statement of the unresolved issues of law, procedure or evidence.

 e. Each party's witness list.

 f. Each party's schedule of exhibits with objections.

 g. Any stipulation on evidentiary matters specifying the applicable matters to which such stipulation applies, e.g., authenticity, hearsay exceptions, etc.

 h. The number of peremptory challenges available to each party.

 i. An estimate of the number of jurors requested for the venire panel and a statement regarding the necessity of any jury panel in excess of 22

venirepersons.

j. A current estimate of the number of days (to include voir dire) required for trial.

k. The specific category of damages, including attorneys' fees, claimed by each party and, when possible, the amount of such damages sought by each party.

l. A designation of Lead Trial Counsel. No change of Lead Trial Counsel may be made without leave of the Court if such change would disrupt the trial schedule.

m. A list of all pending motions and date filed. Motions not timely heard in accordance with the dates set forth herein are subject to summary denial.

n. A list identifying, with specificity, any matters of which the parties will ask the Court to take Judicial Notice under sections 90.201 and 90.202, Florida Statutes, and any objections or agreement thereto.

16.   DEPOSITION DESIGNATIONS. No less than 30 days prior to the beginning of the trial period, each party must file designations of the depositions it intends to offer at trial. Counter (or "fairness") designations and objections, if any, must be filed within 7 days of the deposition designations. Objections to the counter-designations shall be filed within 7 days thereafter. Deposition designations must be heard by the Court before the first day of trial unless the court directs otherwise. If the parties cannot resolve objections to deposition designations, and no hearing time can be coordinated, the party making the objection must submit to the court a properly marked copy of the deposition transcript along with a proposed order identifying the page and line of the testimony to which the party objects, the basis for the objection, and a blank space for the Court to rule no later than 7 days prior to the first day of trial. Additional division guidelines may apply.

17.   [FOR OPENING STATEMENTS ONLY]: DEMONSTRATIVE AIDS, COMPUTER SLIDESHOWS AND/OR POWERPOINT PRESENTATIONS. Demonstrative aids, computer slideshows and/or PowerPoint presentations counsel seek to use during *opening statement* must be shared with opposing counsel no less than 3 business days prior to the beginning of trial. Computer slideshows and/or PowerPoint presentations may refer to what a party believes the evidence will show if the parties agree that the matter will, in fact,

be received in evidence. Computer slideshows and/or PowerPoint presentations may not include argument or citations to legal authorities. Disputes over demonstrative aids, computer slideshows and/or PowerPoint presentations must be heard by the Court before the first day of trial. If the parties cannot resolve disputes over computer slideshows and/or PowerPoint presentations (and no hearing time can be coordinated), the demonstrative aids, computer slideshows and/or PowerPoint presentations are subject to being excluded during Opening Statement, subject to division procedures.

18.  NOTICE OF SETTLEMENT. In the event of settlement, the parties must immediately email the division to which the case is assigned.  The email for the Notice of Settlement must contain the following in the subject line of the email: "NOTICE OF SETTLEMENT: **2026-CA-000402-O**." Thereafter, the parties must file a Notice of Settlement signed by all parties. Noncompliance with this Paragraph will result in the case remaining on the docket as well as the possible imposition of sanctions. When a Notice of Settlement is filed, the parties are required to appear at trial call on the first day of their designated trial period unless expressly advised they are excused from appearing. If the parties are advised they are excused from appearing at trial call, the parties are directed to conclude the settlement and file the appropriate dismissal within 60 days, or the court may *sua sponte* enter an order of dismissal.  *There is no requirement that the settlement documents be filed*. Additional division guidelines may apply.

19.  DISCOVERY DISPUTES. All counsel and unrepresented parties must familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible. Counsel are also directed to familiarize themselves with Florida Rules of Civil Procedure 1.280(k), 1.340(a), 1.350(b), and 1.380.  Failure to comply with any Florida Rule of Civil Procedure may result in sanctions.

20. **MEET AND CONFER.** The parties must comply with the "meet and confer" requirements of Florida Rule of Civil Procedure 1.202(d) **and** Administrative Order No. 2012-03-01. Any non-compliant motion or notice of hearing may be summarily stricken or denied by the Court, requiring resubmission of the motion, notice of hearing, or both.

21. **SANCTIONS.** Failure to attend the meeting of counsel referenced above, the pretrial conference, or the trial, or to comply with the requirements of this order, may result in the imposition of appropriate sanctions, including but not limited to contempt, dismissal, default, striking of pleadings, exclusion of evidence, assessment of attorneys' fees or costs, or any combination thereof.

22. **AUDIO/VISUAL.** Requests for audio or visual equipment (or both) must be made at least three (3) business days in advance of trial to avoid delaying jury selection. All such requests must be made to the Ninth Circuit's Technology Support Department and not to the division email. For assistance, see the Court's website: www.ninthcircuit.org, under Programs and Services, then Technology Support.

DONE and ORDERED in Orange County, Florida, on the date shown on the electronic signature.

*eSigned by John Jordan  01/16/2026 11:57:32 Qg23V5+p*

**JOHN E. JORDAN**
CIRCUIT JUDGE

Copies to Counsel of Record
Via Florida's e-Filing Portal

Aberlynn Derosier, Case Manager

## VERIFIED RETURN OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of ORANGE | Circuit Court |

Case Number: 2026-CA-402

Plaintiff:
**FALLON QUINN**

vs.

Defendant:
**DELTA AIR LINES, INC.**

For:
ALEX SERRANO
LIGORI & LIGORI
1711 WEST KENNEDY BLVD
TAMPA, FL 33606

Received by Professional Investigative Group on the 19th day of January, 2026 at 8:00 am to be served on **DELTA AIR LINES, INC. C/O CORPORATION SERVICE COMPANY, AS REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301**

I, Michael C. Nolan, being duly sworn, depose and say that on the **21st day of January, 2026** at **10:35 am**, I:

Served the within named CORPORATION by delivering a true copy of the **SUMMONS, COMPLAINT and UNIFORM TRIAL AND CASE MANAGEMENT ORDER** with date and hour of service endorsed thereon by me to **ARI ALLEN** as employee authorized to accept service for **CORPORATION SERVICE COMPANY, AS REGISTERED AGENT**, at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, PURSUANT TO F. S. 48.081(3)(a).

**Marital Status:** Based upon inquiry of party served, they refused to state whether or not the Defendant is married.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Michael C. Nolan
111

F.S. 92.525: Under penalties of perjury, I declare that I have read the foregoing and that facts stated in it are true, followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words: "to the best of my knowledge and belief" may be added.

**Professional Investigative Group**
**6151 Lake Osprey Drive**
**3rd Floor**
**Sarasota, FL 34240**
**(877) 733-2296**

Our Job Serial Number: PIC-2026000393

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

FALLON QUINN,   CIRCUIT CIVIL DIVISION

 Plaintiff,   CASE NO.: 2026-CA-000402-O

vs.

DELTA AIR LINES, INC.,

 Defendant.
_____/

**<u>NOTICE OF APPERANCE AND DESIGNATION OF E-MAIL ADDRESS</u>**

PLEASE take notice that Patrick K. Dahl and Darah L. Kaplan of the law firm of Morgan, Akins & Jackson, PLLC, enter an appearance in the above-styled cause on behalf of Delta Air Lines, Inc.

Pursuant to Fla. R. Jud. Admin. 2.516, the following are the designated e-mail addresses for copies of all pleadings or other documents required to be served in this matter:

 PRIMARY E-MAIL:  pdahl@morganakins.com

           dkaplan@morganakins.com

 SCONDARY E-MAIL: nstermer@morganakins.com

           fileclerk@morganakins.com

[REAINDER OF PAGE INTENTIONALLY BLANK]

CASE NO.: 2026-CA-000402-O

February 10, 2026								Respectfully Submitted,

*/s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire**
Florida Bar No. 084109
**Darah L. Kaplan, Esquire**
Florida Bar No. 098619
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for Delta Air Lines, Inc.*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303
pdahl@morganakins.com
dkaplan@morganakins.com
nstermer@morganakins.com
fileclerk@morganakins.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Electronic Service via the Florida Courts E-Filing E-Portal pursuant to the Supreme Court Administrative Order AOSC13-490 to: Alex A. Serrano, Esq., Ligori & Ligori, 1711 W. Kennedy Boulevard, Tampa, FL 33606; litserv@callmeonmycell.com; aserrano@callmeonmycell.com.

*/s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire**
Florida Bar No. 084109
**Darah L. Kaplan, Esquire**
Florida Bar No. 098619
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for Delta Air Lines, Inc.*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303
pdahl@morganakins.com
dkaplan@morganakins.com
nstermer@morganakins.com
fileclerk@morganakins.com

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

FALLON ALEXIS QUINN,

    Plaintiff,

v.

    CASE NO: 2026-CA-000402-O

    SECTION: 40

DELTA AIR LINES INC.

    Defendant.

_____/

## PLAINTIFF'S DENIAL OF ALL AFFIRMATIVE DEFENSES

Plaintiff, FALLON ALEXIS QUINN, by and through her undersigned attorney, hereby denies each and every affirmative defense as pled to Plaintiff's Complaint by the Defendant, DELTA AIR LINES INC, on the grounds that they lack specific allegations of ultimate fact and/or are inapplicable to this cause of action as a matter of law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 11th day of February, 2026 by the Florida Courts E-Filing Portal www.myflcourtaccess.com pursuant to Florida Supreme Court SC 11-399 which will electronically serve a copy to Darah L. Kaplan, Esquire and Patrick K. Dahl, Esquire, Morgan, Akins & Jackson, PLLC, dkaplan@morganakins.com, pdahl@morganakins.com, fileclerk@morganakins.com, nstermer@morganakins.com.

    _____
    Alex A. Serrano, Esquire
    FBN: 104548
    Ligori & Ligori
    Attorneys at Law
    1711 West Kennedy Boulevard
    Tampa, Florida 33606
    Telephone: (813) 254-7119
    Attorneys for Plaintiff
    litserv@callmeonmycell.com
    ASerrano@callmeonmycell.com
    RThorn@callmeonmycell.com